# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF INDIANA

NICOLE ANTHONY,

    Plaintiff

v.

PROGRESSIVE LEASING,

    Defendant

Case No.: 1:19-cv-4431

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

NICOLE ANTHONY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PROGRESSIVE LEASING ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Indiana and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Indianapolis, Indiana 46201.

6. Plaintiff is a "person" as the term is defined by 47 U.S.C. §153(39).

7. Defendant is a debt collection company with its headquarters located at 256 West Data Drive, Suite 100, Draper, Utah 84020.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used the cellular telephone number as a cellular telephone number.

12. Defendant repeatedly called Plaintiff on her cellular telephone in its attempts to collect a debt from a third party, David Anthony.

13. During this time Defendant placed calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and/or artificial or pre-recorded message because calls began with a pre-recorded message before a representative came on the phone.

15. Defendant's calls were not for emergency purposes.

16. Shortly after calls started, Plaintiff told Defendant that the debt does not belong to her and demanded that they stop calling.

17. Defendant heard and acknowledged this request.

18. However, Defendant did not remove Plaintiff's cellular telephone number from its database and continued to call Plaintiff.

19. These repeated and continuous phone calls were aggravating and annoying, especially after Plaintiff told Defendant to stop calling her.

20. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassing Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

23. The calls were made using an artificial or pre-recorded voice.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. After Plaintiff told Defendant that the debt is not hers and to stop calling, the Defendant knew or should have known it did not have consent to call and that any consent, if any, it thought it had to call was revoked.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NICOLE ANTHONY, respectfully prays for a judgment as follows:

PLAINTIFF'S COMPLAINT

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NICOLE ANTHONY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: November, 1, 2019

By: /s/ Joseph C. Hoeffel
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: teamkimmel@creditlaw.com