UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICOLE ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04431-TWP-MJD |
| ) | |
| PROGRESSIVE LEASING, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

This matter comes before the Court on Defendant's Motion for Leave to File a Third-Party Complaint. [Dkt. 18.] For the reasons set forth below, the Court **DENIES** the motion.

### I.  Background

On November 1, 2019, Plaintiff brought this action alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* by making unauthorized calls to her cell phone "in its attempt to collect a debt from a third party, David Anthony." [Dkt. 1 at 2.]  In response, Defendant claims that Plaintiff's husband, David Anthony, failed to make the required payment under his lease with Defendant, thereby causing Defendant to place calls to the (317) XXX-2953 number in an attempt to collect the debt pursuant to the terms of the lease.

In the instant motion, Defendant seeks leave to bring a third-party complaint against Mr. Anthony.  Defendant explains that it learned through informal discovery and its investigation that it had made calls to Plaintiff because her number was the one "which Mr. Anthony had represented to be his home telephone number and which Mr. Anthony represented [Defendant] was additionally authorized to call to discuss his account with Plaintiff." [Dkt. 18-1 at 6.]

Defendant further claims that it received Plaintiff's cell phone number in three ways: 1) in connection with the lease, 2) on the application for that lease, and 3) when Mr. Anthony added Plaintiff as an authorized third-party to his account, allowing Defendant to call Plaintiff and discuss Mr. Anthony's account with Plaintiff. [*See* Dkt. 19 at 2.]

After discovering this information, Defendant filed the instant motion seeking leave to file a third-party complaint for indemnification against Mr. Anthony. [Dkt. 19 at 3.] Defendant also seeks to bring claims against Mr. Anthony for breach of contract, negligent misrepresentation, and fraudulent misrepresentation. [*Id.*] Defendant alleges that Mr. Anthony is liable under these theories "for the amount of any judgment Plaintiff recovers against [Defendant] because Mr. Anthony added Plaintiff as an authorized party and provided the (317) XXX-2953 number as her cellular telephone number." [Dkt. 18-1 at 7.]

## II. Discussion

A claim may be brought by a defendant under Rule 14(a) "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).[1]  Where, as here,

---

[1] Although Rule 14(a) is the appropriate mechanism for adding Defendant's indemnification claim against Mr. Anthony, the propriety of adding the additional claims in the proposed third-party complaint must be examined under the liberal joinder contemplated by Rule 18. *See Illinois Power Co. v. Figgie Int'l, "Automatic" Sprinkler Corp. of Am. Div.*, 1991 WL 3323, at *2 (N.D. Ill. Jan. 7, 1991) ("[O]nce a party has asserted a valid third-party claim, it may join additional claims against opposing parties pursuant to Rule 18 of the Federal Rules of Civil Procedure"). "A party asserting a . . . third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Direct claims can only be joined under Rule 18(a) to a properly alleged third-party claim under Rule 14(a). *See Ford Motor Co. v. Edgewood Properties, Inc.*, 2007 WL 4526594, at *10 (D.N.J. Dec. 18, 2007). If, however, the third-party claim has been properly alleged, the other claims may be joined to it. *Id.* Thus, the Court first must determine whether Defendant's indemnity claim is properly asserted under Rule 14(a). *See Federalpha Steel LLC Creditors' Tr. v. Fed. Pipe & Steel Corp.*, 245 F.R.D. 615, 619 (N.D. Ill. 2007) (a third-party claim, although "clearly not derivative" of defendant's liability, would be allowed under Rule 18(a) if another third-party claim was properly brought under Rule 14(a)).

2

Defendant has waited more than fourteen days since the filing of its answer, Defendant "must, by motion, obtain the court's leave." *Id.* The Court has substantial discretion in deciding whether to grant such leave. *Highlands Ins. Co. v. Lewis Rail Serv. Co.,* 10 F.3d 1247, 1251 (7th Cir. 1993). In doing so, the Court should consider the timeliness of the motion and any reasons offered for the movant's delay, *id.,* as well as factors such as procedural economy and the potential for unfair prejudice to the non-movant. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 299 F.3d 643, 650 (7th Cir. 2002). Rule 14 is meant to avoid circuity of action and multiplicity of suits, to prevent the necessity of trying several related claims in different lawsuits, and to enable all related claims to be disposed of in one action, thereby simplifying and expediting litigation, eliminating unnecessary expense, and saving the court's time. *See Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975); *see also Am. Family Ins. Co. v. Hewlett-Packard Co.*, 2011 WL 4550155, at *2 (S.D. Ind. Sept. 28, 2011) ("Rule 14 is designed to accomplish efficiencies in the dispensation of justice by forgoing two successive lawsuits involving substantially the same evidence and legal arguments when one lawsuit will do.").

To bring a third-party complaint against Mr. Anthony, Defendant must allege that Mr. Anthony is derivatively liable to Defendant for Plaintiff's TCPA claim against Defendant. It is not enough that the third-party claim arises out of the same occurrence or transaction as the original cause of action. *See U. S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979).

In her complaint, Plaintiff brings a TCPA claim against Defendant alleging that Defendant repeatedly called Plaintiff on her cell phone number in its attempt to collect a debt from a third party, Mr. Anthony. [*See* Dkt. 1 at 2.] Plaintiff alleges that Defendant placed such calls using an automated telephonic dialing system. [*Id.* at 3.] Once Plaintiff told Defendant that

3

the debt does not belong to her and to stop calling her, Defendant allegedly continued to call her telephone number. Defendant argues that the indemnification claim depends on the outcome of Plaintiff's TCPA claims because "Mr. Anthony provided the (317) XXX-2953 number to [Defendant]: (1) as his home telephone number in his lease application and (2) as Plaintiff's number, after he made her an authorized third-party on the account." [Dkt. 19 at 9.] Defendant further argues that its third-party complaint "seeks redress against Mr. Anthony for damages it incurred as a result of Plaintiff's lawsuit." [Dkt. 22 at 6.] In response, Plaintiff contends that Defendant's proposed third-party claims against Mr. Anthony are not proper because Plaintiff's TCPA claim does not relate to the allegations in the third-party complaint, including Mr. Anthony's obligation to "pay the jewelry bill at issue in the proposed third-party complaint, payments made and not made on the debt, services or products provided by Defendant, interest and penalties on the debt, and the like."[2] [Dkt. 21 at 9.]

Defendant's proposed third-party complaint purports to state an indemnification claim against Mr. Anthony arising out of the allegations that he provided Plaintiff's (317) XXX-2953 number to Defendant, and expressly consented that he could be called at that number to discuss his account, including for the purpose of collecting any unpaid debt. [*See* Dkt. 18-1 at 8.] However, as Plaintiff correctly argues, Defendant's third-party claims "are completely unaffected by the elements needed to prove the TCPA claim," and the "TCPA is wholly unconcerned with

---

[2] Plaintiff asserts that Defendant's third-party claims are governed by the arbitration provision in the lease agreement. Plaintiff states that "[o]n or about November 18, 2019, the proposed Third-Party Defendant, David Anthony, filed an Arbitration Demand in the American Arbitration Association ("AAA") against Defendant for violations of the TCPA," and that Mr. Anthony brought his claims in the AAA against Defendant because they have a binding arbitration agreement requiring the parties to arbitrate according to their lease agreement. [Dkt. 21 at 2.] Defendant is correct that Plaintiff lacks standing to "invoke the arbitration agreement between Progressive Leasing and Mr. Anthony as a basis to deny Progressive Leasing's Motion." [Dkt. 22 at 2.]

the purpose of calls, their content, whether the called party owes a debt to the caller, and timing so long as they are not made for an emergency, use an ATDS or pre-recorded voice, and continue after consent is revoked." [Dkt. 21 at 10.] While Defendant alleges that Mr. Anthony "expressly consented" to be reached at Plaintiff's telephone number to collect any unpaid debt, Plaintiff's allegations against Defendant is that it violated the TCPA by continuing to call her using an automated telephonic dialing system after she revoked consent. Further, indemnification claims are not available under the TCPA. *See Kim v. Cellco P'ship*, 2016 WL 871256, at *3 (N.D. Ind. Jan. 29, 2016) (holding that there is "no federal cause of action for indemnification under the TCPA"); *Garrett v. Ragle Dental Lab., Inc.*, 2011 WL 2637227, at *1 (N.D. Ill. July 6, 2011) ("The TCPA does not create an affirmative cause of action for contribution or indemnification[and] federal common law does not recognize such a cause of action."); *see also Dultra v. U.S. Med. Home, Inc.,* 2016 WL 1213763, at *5 (N.D. Ill. Mar. 28, 2016) (denying leave to file third-party complaint where the defendant did not allege that the third-party defendants were derivatively liable to defendant for the plaintiff's claims); *Royal Ins. Co. v. Cathy Daniels, Ltd.,* 116 F.R.D. 670, 671 (S.D.N.Y. 1987) (noting that a third-party indemnification claim must be "more than a tenuous relationship between the liability of the third-party and the outcome of the main claim"). Defendant's indemnification claim against Mr. Anthony does not rest upon Plaintiff's TCPA claim and is an improper third-party claim under Rule 14(a). Accordingly, the Court **DENIES** Defendant's motion.

SO ORDERED.

Dated:  16 JUN 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.